# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JULIA DE COURCY, Respondent, v. HENRY STEWART, Appellant

*Action will not lie in this State for trespass committed on lands in another State.*

Appeal from a judgment entered upon an order overruling a demurrer, interposed to the complaint on the ground that the court had no jurisdiction of the action, and that the complaint did not state facts sufficient to constitute a cause of action.

The complaint, after alleging ownership and possession in the plaintiff of a farm at Westwood, in Bergen county, in the State of New Jersey, alleged that on or about the 4th of October, 1877, the defendant "wrongfully, unlawfully and maliciously trespassed upon said farm, and took forcible possession thereof, without even a color of right, and has continued in possession thereof until the present time," and demanded judgment for the damages caused by these wrongful acts.

The court, at General Term, said : "This is nothing but an action of trespass *quære clausum fregit*, committed in another State, beyond the jurisdiction of our courts. It is well-settled that such an action cannot be maintained in this State. (*Hurd* v. *Miller*, 2 Hilt., 542; *Watts* v. *Kinney*, 23 Wend., 484; *S. C.*, affirmed, 6 Hill, 82.)

"The cases cited by the court below, which are supposed to hold the contrary view, are actions either to enforce specific perform- ance of contracts, or for damages to lands situated in this State arising from nuisances located across the boundary line of the State, or for fraudulent conspiracies affecting lands in this State."

*Charles Howard Williams*, for the appellant. *Samuel G. Court- ney*, for the respondent.

Opinion *per Curiam.*

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Judment reversed, and judgment ordered on the demurrer for the defendant, with costs.

---

JAMES B. IRWIN, RESPONDENT, *v.* WILLIAM T. JUDD, APPELLNAT.

*Undertaking given on procuring an order of arrest — power of the court to allow an amendment of defects therein.*

APPEAL from an order made at Special Term, denying a motion to vacate an order of arrest and allowing the plaintiff to amend the undertaking given when it was granted.

The undertaking was defective in not being joint and several as required by section 812 of the Code of Civil Procedure, and in not providing that the plaintiff would pay all costs which might be awarded to the defendant, and all damages which he might sustain by reason of the arrest, if the defendant recovered judgment, or if it was finally decided that the plaintiff was not entitled to the order of arrest, as required by section 559 of the said Code, as amended in 1879.

The court, at General Term, said : " The power to amend an undertaking, defective even in matter of substance, is conferred by section 730 of the Code of Civil Procedure. This is obvious when we read this section in connection with section 729 and consider that, under the latter, an amendment of an undertaking defective in matter not of substance is unnecessary. Sections 723 and 724 are also very broad in permitting amendments to cure mistakes, omissions, defects and irregularities. We think the amendment was properly allowed."

*James L. Bishop,* for the appellant.   *G. Irvine Whitehead,* for the respondent.

Opinion by BARRETT, J.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with ten dollars costs and disbursements.